UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KENNETH DAVISON,**

    **Plaintiff,**

v.                                                **Case No. 8:21-cv-1782-WFJ-AAS**

**NOVARTIS PHARMACEUTICALS
CORPORATION,**

    **Defendant.**
_____/

## ORDER

Plaintiff Kenneth Davison moves to compel discovery for the time period of January 1, 2011 to February 28, 2022. (Doc. 40). Defendant Novartis Pharmaceuticals Corporation (Novartis) responds that a narrower six-month timeframe from October 7, 2019 to April 8, 2020 is more appropriate. (Doc. 43). Mr. Davison replies. (Docs. 49). For the foregoing reasons, Mr. Davison's motion is **GRANTED in part and DENIED in part**.

**I.     BACKGROUND**

This dispute arises from treatment Mr. Davison sought for his condition of wet age-related macular degeneration (hereafter referred to as "wet AMD"). (Doc. 1, ¶ 12). Mr. Davison received three injections of Beovu, a drug produced by Novartis and designed to treat wet AMD, between January 7, 2020 and

1

April 8, 2020. (*Id.* at ¶ 13). Mr. Davison alleges he developed branch retinal artery occlusion and other ocular injuries (including permanent blindness in his left eye) as a side effect of the Beovu treatment. (*Id.* at ¶ 78; Doc. 20, p. 5). Mr. Davison alleges at the time he began receiving the Beovu treatment, the Beovu product labelling carried no warnings discussing the risk that the Beovu treatment may cause the specific ocular ailments Mr. Davison now suffers from. (Doc. 1, ¶ 79–116).

Mr. Davison sued Novartis on July 22, 2021 for state-law claims of failure to warn, negligence, and negligent misrepresentation.[1] (Doc. 1). A September 23, 2021 order denied Novartis' motion to dismiss for failure to state a claim. (Doc. 24).

## II.   LEGAL STANDARD

A party may obtain discovery about any non-privileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has

---

[1] Mr. Davison's complaint originally raised a fourth cause of action alleging unjust enrichment. *See* (Doc. 1, ¶ 117–125). Mr. Davison voluntarily dismissed his unjust enrichment cause of action. (Doc. 20, p. 1 n. 1).

the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-ACC-T_S, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

### III. ANALYSIS

Mr. Davison's interrogatories and requests for production (RFPs) state the relevant time period for the information sought in each request is "from the date [Novartis] first conceived of or began to research or develop BEOVU to the present." (Doc. 45, Ex. 1, p. 6, 30). Mr. Davison's motion affirms subsequent negotiations between Mr. Davison and Novartis set this specific timeframe as between January 1, 2011 and February 28, 2022. (Doc. 40, p. 2).

Mr. Davison does not request the court overrule any objection Novartis levies against a particular interrogatory or RFP. Instead, Mr. Davison appears to request this court overrule Novartis' general objection to Mr. Davison's discovery requests on grounds that Mr. Davison's suggested eleven-year time period would necessitate the unduly burdensome production of irrelevant information. (*Id.*). *See also* (Doc. 45, Ex. 1, pp. 7, 30; Ex. 2, pp. 3, 84). Mr. Davison argues documents spanning this eleven-year time period are necessary to "prove both liability – including notice – and causation." (*Id.* at 3).

3

Mr. Davison contends this time period will produce relevant information because clinical testing conducted by Novartis dating back to 2011 showed patients treated with Beovu suffered ocular ailments similar to the injuries central to Mr. Davison's claims against Novartis. (*Id.* at 3–6). Mr. Davison further argues this request is proportional and not unduly burdensome because Novartis "has provided no estimate of the number of documents that [Mr. Davison's] proposed date range would require it to review" and has otherwise provided no explanation for any potentially undue burden imposed by Mr. Davison's proposed time period. (*Id.* at 7).

Novartis responds that Mr. Davison raises only "[b]are assertions for a blanket time period untethered to any data source or specific or allegation in the complaint." (Doc. 43, p. 9). Novartis notes Mr. Davison's complaint "focuses almost entirely on the 2019-2020 time period" and only raises factual contentions back to 2011 in discussing Novartis's purchase of Alcon Research, the company that originally developed Beovu. (*Id.* at 8–9). Novartis argues a specific clinical study cited in Mr. Davison's motion is unrelated to his "claim that Beovu causes the specific type of eye injury alleged in his complaint." (*Id.* at 11). Novartis also contends it has already agreed to produce "pre-clinical and clinical files, regulatory data, and adverse event reporting with respect to Beovu" that "will total well over one million pages of documents." (*Id.*).

Thus, Novartis argues the eleven-year time period is not relevant or

4

proportional because the only documents available in that time period Novartis has not previously agreed to produce are communications Mr. Davison hopes "reveal[] either that: (1) [Novartis] unintentionally missed certain types of adverse events; or (2) [Novartis] intentionally misrepresented clinical trial data submitted to FDA." (*Id*. at 13). Novartis also argues "[d]iscovery of post-exposure conduct (i.e., after plaintiff's last exposure to Beovu on April 8, 2020) is not relevant to plaintiff's allegation that [Novartis] was on notice of the risk of plaintiff's alleged injury and should have changed the warning, because any evidence of [Novartis]'s knowledge or actions post-dating plaintiff's April 8, 2020 exposure would not have changed his prescriber's decision." (*Id*. at 15).

Novartis does not argue the time period as applied to every interrogatory or RFP is unreasonable or unduly burdensome. To the contrary, Novartis claims it has already agreed to produce "preclinical, clinical, and regulatory documents, and adverse event sources" totaling "well over one million pages of documents" in response to certain interrogatories and RFPs that span Mr. Davison's requested eleven-year period. (Doc. 43, pp. 11, 13). Mr. Davison has not requested this court overrule any particular objection Novartis raises against a specific interrogatory or RFP; thus, concerns about the relevancy or

undue burden of particular discovery requests[2] are premature.

The September 23, 2021 order on Novartis' motion to dismiss concluded Mr. Davison's complaint "essentially reads like a standard Florida pharmaceutical failure to warn case." (Doc. 24, p. 9). Mr. Davison's three causes of action allege Novartis breached its strict liability duty to provide sufficient warnings and instructions on the potential adverse effects of taking Beovu (Count I), negligently breached its duty of reasonable care in communicating the potential adverse effects of taking Beovu (Count II), and negligently misrepresented the safety and efficacy of taking Beovu (Count III). (Doc. 1, pp. 26–37).

Novartis contends the eleven-year time period is too broad in part because Mr. Davison's complaint "focuses almost entirely on the 2019–2020 time period." (Doc. 43, p. 9). Novartis is correct that "[d]iscovery is [] shaped by the allegations in the complaint in that discovery must be relevant to the claims at issue in the litigation." *See Herman v. Seaworld Parks & Ent., Inc.*, No. 8:14-cv-3028-MSS-JSS, 2016 WL 103746421, at *2 (M.D. Fla. July 13, 2016). But what Novartis knew about the potential adverse effects of Beovu and when they knew it carries relevancy for whether and to what extent

---

[2] *See, e.g.,* (Doc. 43, p. 17) (arguing Novartis should not be compelled to produce "employee emails and personnel files" that are "not relevant to causation and would be cumulative of" other information Novartis previously agreed to produce).

6

Novartis failed to warn Mr. Davison of the potential adverse effects of Beovu.

That being said, the earliest substantive allegations in Mr. Davison's complaint are tethered to findings from two clinical studies of Beovu (named HAWK and HARRIER) that "formed the basis of [the Food and Drug Administration's] approval of Beovu." (Doc. 43, p. 12). *See also* (Doc. 1, ¶ 61–65) (discussing findings from the HAWK and HARRIER studies). Mr. Davison's motion now refers to a 2011 study showing potentially adverse side effects from Beovu (though not the same side effects as Mr. Davison alleges he suffered from Beovu), but references to this study "are completely foreign to [Mr. Davison's] complaint." (Doc. 43, p. 10). Mr. Davison thus fails to establish the start of the relevant time period for the allegations in his complaint extends past December 1, 2014. *See* (Doc. 45, Ex. H, p. 4) (noting the HAWK and HARRIER trial studies began respectively in December 2014 and June 2015).

Similarly, Mr. Davison fails to establish the end of the relevant time period for the allegations in his complaint extends past the date he stopped using Beovu, April 8, 2020. Mr. Davison claims documents produced after Mr. Davison finished receiving Beovu treatment may contain "newly acquired information of a risk of greater severity and/or frequency than what was previously disclosed to the FDA." (Doc. 40, p. 7). Mr. Davison also states such discovery may "support that Beovu was capable of causing [Mr. Davison's] injury" or otherwise "comment on or characteriz[e] actions or communications

7

which occurred prior to [Mr. Davison's] injury." (*Id.*). Beyond this, however, Mr. Davison does not sufficiently explain how information Novartis gathered *after* Mr. Davison concluded his Beovu treatment affects what side effects Novartis should have warned Mr. Davison about *before* Mr. Davison began his treatment. Mr. Davison thus does not establish post-injury discovery is relevant or proportional to the allegations in Mr. Davison's complaint. The appropriate time period for Mr. Davison's RFPs runs from December 1, 2014 through April 8, 2020.

Novartis fails to establish the production of documents from this limited time period would be disproportionate and unduly burdensome. Novartis argues any discovery dated prior to Beovu's FDA approval in 2019 would be disproportionate to the needs of this case because it would require Novartis to produce information relating only to claims preempted under federal law. (Doc. 43, pp. 13–14). However, the September 23, 2021 order on Novartis' motion to dismiss rejected similar arguments on preemption as "infer[ing] that which Plaintiff does not expressly state." (Doc. 24, p. 10). Since Novartis has not yet established Mr. Davison's claims are preempted, Mr. Davison cannot now claim preemption alone renders Mr. Davison's document requests disproportionate.

Novartis also objects to the number of custodians and search terms Mr. Davison requests Novartis produce for this litigation as unduly burdensome.

8

(Doc. 43, pp. 18–19). However, Novartis fails to articulate what relevance the number of custodians and search terms has to Mr. Davison's requested time period. Further, Mr. Davison in reply asserts the parties are actively resolving disputes regarding search terms and custodians. (Doc. 49, p. 3 n. 3). As with Novartis' comments on particular requests for production, Novartis' objections to the number of custodians and search terms requested by Mr. Davison are premature.

### IV.   CONCLUSION

Mr. Davison only has established the relevance and proportionality of the timeframe from December 1, 2014 through April 8, 2020. Novartis fails to establish this truncated period of just over five years is unreasonable or unduly burdensome. Mr. Davison's Motion to Compel (Doc. 40) is therefore **GRANTED in part and DENIED in part**. The appropriate time period is from December 1, 2014 through April 8, 2020.

**ORDERED** in Tampa, Florida, on June 17, 2022.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge